**FRANK DE LATOUR, Inc., v. TOYE BROS. YELLOW CAB CO.**

**No. 14384.**

Court of Appeal of Louisiana. Orleans.
Jan. 16, 1933.

John P. Sullivan and David Sessler, both of New Orleans, for appellant.

H. W. Kaiser and John H. Hammel, Jr., both of New Orleans, for appellee.

JANVIER, J.

Plaintiff corporation sues to recover the amount alleged to have been expended in repairing an automobile truck owned by it and used in its business, and damaged as the result of the alleged negligence of a chauffeur in the employ of defendant, when the taxicab driven by the chauffeur collided with the plaintiff's truck at the corner of Tchoupitoulas and Poydras streets, in this city. The truck had left plaintiff's place of business on Poydras street, about sixty feet from the corner of Tchoupitoulas street, and was proceeding in the direction of Lake Pontchartrain, and the taxicab was on its way up Tchoupitoulas street. The two vehicles met in the intersection near the downtown lakeside corner. The driver of the truck and a companion, who was riding with him on the front seat, both testified that, as the truck reached the intersection, it was brought to a complete stop, and that they saw the taxicab approaching on Tchoupitoulas street, but that it was at so great a distance from the corner that there appeared to be ample time for their vehicle to cross in safety; that as they were traversing the intersection at a moderate speed and had reached a point more than half across Tchoupitoulas street, their vehicle was struck on the right rear wheel by the taxicab.

The driver of the taxicab, on the other hand, asserts that he was driving his vehicle up Tchoupitoulas street at a slow speed behind a street car and that as he reached Poydras street, plaintiff's truck, at a high speed, dashed in front of the taxicab and that, as it swerved to the left, its right rear wheel struck the front of the cab.

In the court below judgment was rendered for plaintiff and defendant has appealed.

We have very carefully reviewed the evidence and are unable to say that the judgment appealed from is manifestly erroneous. We are much impressed with the fact that a disinterested witness, driving his automobile up Tchoupitoulas street, states that as he was proceeding at about twenty-five miles per hour, the taxicab passed him at a much greater speed which he fixes at thirty-five to forty miles per hour, and that there was no street car on Tchoupitoulas street at the time. He also states that, when he reached the intersection in question, the collision had already occurred. Such evidence as this,

which we find no reason to disbelieve, renders it highly improbable that the story of the driver of the taxicab coincides with the true facts and makes it impossible that we hold that the judgment appealed from is manifestly incorrect.

In spite of the argument of counsel for defendant that, in the record, there is not sufficient evidence to sustain the claim made by plaintiff, and that there is not sufficient testimony to show that the damage which was later repaired resulted from the particular accident in question, we feel that the proof in support of this feature of plaintiff's claim is sufficient to warrant the judgment.

The judgment appealed from is affirmed.

Affirmed.